UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAULIA AZUCENA ALVAREZ RODRIGUEZ,<br><br>                              Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of Department of Homeland Security, et al.,<br><br>                              Respondents. | Case No.:  25cv3799-LL-MMP<br><br>**ORDER SCREENING PETITION, SETTING BRIEFING SCHEDULE, AND ISSUING LIMITED INJUNCTION**<br><br>[ECF No. 1] |

Pending before the Court is Petitioner Braulia Azucena Alvarez Rodriguez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Motion for Temporary Restraining Order. ECF Nos. 1, 2. Courts must screen habeas petitions and dismiss them "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4; *id.*, Rule 1(b) (permitting use of Rules Governing Section 2254 Cases to any "habeas corpus petition"). To survive screening, a petitioner need only make out a claim that is sufficiently "cognizable" to warrant a return or answer from the government. *See Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024). Indeed, "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal under Rule 4." *Id.*; *see Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) ("Summary

dismissal is appropriate only where the allegations in the petition are vague or conclusory or palpably incredible or patently frivolous or false." (citations, quotation marks, and brackets omitted)). Here, based on the alleged background, the Court finds that Petitioner has adequately stated a claim that is cognizable enough to warrant an answer.

Accordingly, by **January 7, 2026**, Respondents shall file a response to the Petition and Motion for TRO. By **January 14, 2026**, Petitioner may file a reply. Following briefing, the Court will set a hearing or take the matter under submission pursuant to Local Civil Rule 7.1. Respondents, their agents, employees, successors, attorneys, and all persons acting in active concert or participation with them are also **ENJOINED** from removing Petitioner from this district pending further order of the Court, to maintain the status quo and allow the Court to provide a reasoned decision. *See* 28 U.S.C. § 1651(a) ("[A]ll courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *E-C-R- v. Noem*, No. 25-cv-1230-SI, 2025 WL 2300543, at *1 n.1 (D. Or. July 16, 2025) ("Courts around the country exercise their authority under the All Writs Act to maintain their jurisdiction over pending immigration matters by preserving the status quo." (collecting cases)). The Clerk shall transmit this Order and the Petition and TRO Motion to the U.S. Attorney's Office for the Southern District of California.

**IT IS SO ORDERED.**

Dated: December 29, 2025

Honorable Linda Lopez
United States District Judge